## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## SOUTH BEND DIVISION

TIMOTHY STEPHENSON,          )
                                  )
            Plaintiff,         )
                                  )
            v.               )        CASE NO. 3:07-CV-610 PPS
                                  )
MICHAEL J. ASTRUE, Commissioner of  )
Social Security,            )
                                  )
            Defendant.     )

## OPINION AND ORDER

This Court remanded Plaintiff Timothy Stephenson's social security case because the administrative opinion denying his application for benefits failed to include essential findings and support from the record in violation of certain Social Security Rulings. Stephenson has now submitted an application for attorneys' fees. (DE 38.) For the following reasons, I find that the government was not substantially justified in denying Plaintiff's benefits and therefore the fee petition is granted.

## I. BACKGROUND

Stephenson suffers from a variety of physical and mental ailments including asthma, double herniated stomach, seizures, dementia, depression, arthritis and alcoholism. He therefore filed several applications for disability insurance benefits including one on January 23, 2003. Administrative Law Judge John Pope denied that claim, finding that Stephenson was not disabled under the Social Security Act because he could perform a significant number of jobs in the national economy. The ALJ's decision was affirmed on administrative appeal and this complaint for judicial review followed.

Stephenson made two arguments on appeal: first, that the ALJ improperly evaluated the

opinion of one of Stephenson's treating physicians, Dr. Salvatore Ceniceros, in determining

Stephenson's Residual Functional Capacity (RFC) to work; and second, that the ALJ didn't

adequately support its finding that Stephenson could perform substantial jobs in the national

economy.  On the first issue, the ALJ found Dr. Ceniceros's medical reports to be internally

inconsistent and therefore gave greater weight to portions of those reports that were more

consistent with the entire record.  Since the ALJ sufficiently explained his reasons for

discounting portions of Dr. Ceniceros's medical opinions, I found that the ALJ's determination

of Stephenson's RFC was supported by substantial evidence.

But on the second issue, I found that the ALJ failed to adequately explain why there were

a substantial number of jobs in the national economy which Stephenson could perform.  The ALJ

relied on vocational expert Donna Whitcomb's testimony that there were 50,000 medium-

unskilled jobs and 20,000 light unskilled jobs in the regional economy that Stephenson could

perform despite his RFC limitations.  Whitcomb gave three examples of such jobs: janitor (2,600

regional jobs), auto detailer (1,705 regional jobs); and delivery driver for a sales route (1,900

regional jobs).  The ALJ in turn cited these three jobs in his opinion as examples of jobs

Stephenson could still perform.

Social Security Rulings 83-12 and 83-14 state that when an ALJ consults with a

vocational expert, the ALJ must then provide examples of occupations that the claimant can

perform functionally and vocationally.  In addition, Social Security Ruling 00-4p mandates that

the ALJ elicit a reasonable explanation for any apparent unresolved conflicts between the

vocational expert's testimony and the Department of Labor's Dictionary of Occupational Titles

(DOT).  A conflict in the vocational expert's testimony is apparent if it was "obvious enough

that the ALJ should have picked up on them without any assistance." *Overman v. Astrue*, 546 F.3d 456, 463 (7th Cir. 2008).

In this case, there were apparent conflicts with each of the three job titles that the ALJ listed as examples. First, the ALJ determined that, because of his asthma, Stephenson was prohibited in his RFC from jobs that exposed him to even a moderate amount of pulmonary irritants and hazards. However, two of the jobs cited by the ALJ as ones that Stephenson could perform – janitor and auto detailer – would obviously expose Stephenson to a considerable amount of such hazards. Second, the ALJ determined that Stephenson was limited to simple repetitive tasks. Meanwhile, a sales delivery driver is listed in the DOT as a semi-skilled job. The job tasks listed in the DOT for this position – for example, collecting money from customers, soliciting business, customer service – plainly require much more than simple, repetitive tasks. Because each of these three job titles was obviously inconsistent with the ALJ's findings regarding Stephenson's RFC, the ALJ's opinion ultimately contained no examples of jobs that Stephenson could perform in the national economy. Therefore, the ALJ's opinion was in violation of the Social Security Rulings and I remanded the case back to the Social Security Administration.

Stephenson has filed the present petition seeking attorney's fees under the Equal Access to Justice Act. 28 U.S.C. § 2412. The Government has not responded to the motion.

## II. DISCUSSION

The EAJA provides that a litigant is entitled to recover attorney's fees if: (1) he was a "prevailing party"; (2) the government's position was not "substantially justified"; (3) no special circumstances exist that would make an award unjust; and (4) he filed a timely application with

the district court. 28 U.S.C. § 2412(d)(1)(A)-(B); *Cunningham v. Barnhart*, 440 F.3d 862, 863 (7th Cir. 2006). On the record before me, there can be no dispute that Stephenson is the prevailing party, he timely filed his petition, and there are no special circumstances to make an award unjust. The only question here is whether the Commissioner's position was substantially justified.

Courts may award attorneys' fees in social security cases if either the Commissioner's pre-litigation conduct or his litigation position was not substantially justified. *Cunningham*, 440 F.3d at 863. The ALJ's decision constitutes part of the agency's pre-litigation conduct. *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004). I only need to make one determination for the entire civil action regarding whether the government's position was substantially justified. *Id*. Thus, I may award fees in cases "where the government's pre-litigation conduct was not substantially justified even though its litigating position may have been substantially justified and vice versa." *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994). To satisfy this standard, a position must have "a reasonable basis in law and fact." *Conrad v. Barnhart*, 434 F.3d 987, 990 (7th Cir. 2006). In other words, the government must show that its position was grounded in (1) a reasonable basis in truth for the facts alleged, (2) a reasonable basis in law for the theory propounded, and (3) a reasonable connection between the facts alleged and the legal theory propounded. *Golembiewski*, 382 F.3d at 724.

The Commissioner's failure to respond to the present motion is not dispositive. While the government has the burden of establishing that its position was substantially justified, *id*., the EAJA provides that fees shall be awarded to the prevailing party, "unless the court finds that the position of the United States was substantially justified." 28 U.S.C. § 2412(d)(1)(A). My

determination is to be made "on the basis of the record . . . which is made in the civil action for which fees and other expenses are sought."  28 U.S.C. § 2412(d)(1)(B).  Thus, I must still review the record to make an independent judgment as to whether the government's position was substantially justified.  *See Campbell v. Bowen*, 800 F.2d 1247, 1249 (4th Cir. 1986); *Nesvold v. Bowen*, 687 F. Supp. 443, 445 (N.D. Ind. 1988).

Based on the specific facts of this case, I find that the Commissioner's position – specifically, the ALJ's decision – was not substantially justified.  The ALJ determined Stephenson's RFC based on a consideration of his entire medical record and fully supported his determination with evidence from the record.  But the ALJ completely ignored these RFC limitations when he accepted the vocational expert's three examples of jobs that Stephenson could perform.  For reasons explained above, and more fully in my March 12, 2009 Opinion and Order, the inconsistencies between these positions and Stephenson's RFC were so obvious that they required further examination from the ALJ.  The ALJ failed to inquire about these inconsistencies and therefore violated Social Security Ruling 00-4p.  And since none of the three cited job examples were adequate, the opinion contained no examples of jobs that Stephenson could perform.  This shortcoming violated Social Security Rulings 83-12 and 83-14.  The Social Security Rulings are clear in what they mandate and are binding on the Social Security Administration and its ALJs.  *See* 20 C.F.R. § 402.35(b)(1); *see also Nelson v. Apfel*, 210 F.3d 799, 803 (7th Cir. 2000).  Therefore, the ALJ did not show a reasonable basis in either fact or law to deny Stephenson's claim for disability benefits.  The Commissioner compounded the ALJ's errors by defending them in court.  Accordingly, the Commissioner has not demonstrated that his position was substantially justified, and Stephenson is entitled to attorney's fees.

The next issue is whether the requested attorney's fees are reasonable. This is done by multiplying the number of hours reasonably expended by a reasonable hourly rate. *See INS v. Jean*, 496 U.S. 154, 161 (1990); *Hensley v. Eckerhart*, 461 U.S. 424 (1983). Hours that are excessive, redundant, or otherwise unnecessary must be excluded. *Hensley*, 461 U.S. at 434. Stephenson requests compensation for 35.55 hours at the rate of $169.00. As noted above, the government has not objected to this calculation. The $169.00 per hour rate is above the statutory rate of $125.00. According to counsel's affidavit, the $169.00 rate results from making the appropriate cost of living adjustments to the statutory rate. (DE 39 at 3.) I accept that rate. *See* 28 U.S.C. § 2412(d)(2)(A). I also accept the 35.55 hours for which counsel seeks compensation. Therefore, the Court finds that Stephenson shall be awarded $6,007.95 (35.55 hours x $169.00).

### III. CONCLUSION

Plaintiff's Motion of Award of Attorney's Fees Pursuant to the Equal Access to Justice Act [DE 39] is **GRANTED**. Plaintiff is awarded fees in the amount of $6,007.95 to be made payable to Plaintiff's attorney, Joseph W. Shull. The Clerk is **DIRECTED** to enter a separate judgment to that effect.

**SO ORDERED.**

ENTERED: August 5, 2009

       s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT